The opinion of the court was delivered by
McEnery, J.
The plaintiff sues as the administratrix of her husband’s succession to recover from the defendant the sum of $8,000, the value of certain lands illegally sold by defendant as the agent and attorney of said succession.
The defence is a general denial, the prescription of five and ten years. He specially denies that the plaintiff is the administratrix of the succession of McClendon, and has any authority to bring this suit. He also alleges that he purchased the scrip with which the land was located at the succession sale of Rosanna Harris for the benefit of the law firm of R. H. & J. L. Bradford, of which the defendant was a member; that patents for said land issued to said firm, who had a right to dispose of said land, and that said firm sold the same, and is in no way accountable to the succession of McClendon for the proceeds of the sale.
The following facts are conclusively established by the record:
R. H. Bradford, an attorney at law and land agent, and the brother of the defendant, had for collection in' scrip, the land claim against the Federal Government of the heirs of Rosanna Harris and G. B. McClendon, each for 640 acres.
In 1870 the defendant formed a partnership with his brother, R. H. Bradford, and this firm undertook the collection and location of the scrip for the succession of McClendon, which had become the owner of the same through the purchase by J. B. McClendon, in his lifetime, of the interest of the heirs of Rosanna Harris.
*162 Although it is denied with vigor and earnestness and with apparent sincerity, we are satisfied by the correspondence of the defendant with the heirs of Rosanna Harris, the Widow McClendon, and her attorney O. B. Arnicas, that he had been informed of the purchase of the Rosanna Harris claim by J. B. McClendon, and that said law firm of R. H. & J. L. Bradford engaged to obtain the scrip and locate the same for one-half thereof for the successson of Mc-Clendon. The contract of R. H. Bradford with the heirs of Rosanna Harris and J. B. McClendon was for 25 per cent.
The authority of said, firm went no further than to locate the scrip. It had no authority to sell the land selected and upon which the scrip was located. The selections were made in Nebraska and the land sold by the defendant for §5 per acre, patents for the same having issued to the firm of R. H. & J. L. Bradford in pursuance of their purchase of the land eiaim of Rosanna Harris at succession sale.
The claim of McClendon was satisfactorily adjusted and executed for to the succession of McClendon by the defendant.
There had been protracted delays in settling the Rosanna Harris land claim, caused in some measure by the parties in interest failing to communicate with each other, and the failure on the part of the succession of McClendon to furnish proof of ownership of the Rosanna Plarris claim, so that patents for the selected land could issue to said succession.
Under these circumstances it was but natural for the defendant to become impatient. His firm had expended labor, time and money in the prosecution of the claim, and to save his firm for these expenditures he, no doubt, thought it expedient to purchase the claim of Rosanna Harris at her succession sale. But as the agent and attorney, at first of the heirs of Rosanna Harris, and afterwards of the succession of McClendon, the law firm of R. H. & J. L. Bradford could not acquire any title adverse to the interest of either.
The title they obtained to said Rosanna Harris land claim, and through which they obtained patents issued to them as the owners of the same, must inure to the benefit of the parties whom they represented. It was a constructive trust which they held for the benefit of their principal. Ringo vs. Benos, 10 Peters, 270; Michaud vs. Girod, 4 How. 503; Meehan vs. York, 13 An. 18; Downward vs. Hadley, — Ind. —; 18 N. E. R. 457.
*163 The deed in the record shows that the land was sold by defendant for $5 per acre. A counter letter was retained by R. H. & J. L. Bradford, stating that the land sold for a less sum than that expressed in the deed as its price. This was offered in evidence by defendant and rejected. This letter could have no effect against the succession of McClendon, which was a stranger to the sale.
This suit is for the purpose of obtaining the price of the property illegally sold, and the firm of R. H. & J. L. Bradford cannot be heard to allege a different price from that stated in the deed.
There is no evidence in the record that the land was worth any more or less than that for which it was sold. The price stated in the deed must therefore be accepted as the value of the property.
Since the demand made upon the defendant, and the institution of this suit, the necessary time for prescription has not run.
There is no error in the judgment appealed from, and it is therefore affirmed.
On Application for Rehearing.